**Ronald PEZZUTI; Candace Pezzuti, Plaintiffs—Appellants,**

v.

**Stavros BOORAS; et al., Defendants—Appellees.**

**No. 05–56489.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 31, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Dean Y. Kajioka, Las Vegas, NV, for Plaintiffs–Appellants.

Scott A. Smylie, Smylie & Van Dusen, San Diego, CA, Hoa Phu Truong, Esq., Truong and Associates, Fountain Valley, CA, for Defendants–Appellees.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM**

Ronald Pezzuti and Candace Pezzuti appeal from the district court's summary judgment in favor of defendants in the Pezzutis' diversity action alleging defamation and negligence under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Sch. Dist. No. 1J, Multnomah County, v. ACandS, Inc.,* 5 F.3d 1255, 1258 (9th Cir.1993), and we affirm.

The district court properly granted summary judgment on appellants' defamation claim because the statement published in the Canary Club's newsletter declining to accept the Pezzutis as members was privileged. *See* Cal. Civil Code § 47(c) (a communication is privileged if it is made, without malice, by a person who is interested, to another also interested therein, or by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent). Furthermore, appellants failed to demonstrate that the motive for publication was malicious. *See Lundquist v. Reusser,* 7 Cal.4th 1193, 31 Cal.Rptr.2d 776, 781, 875 P.2d 1279 (1994) (explaining that plaintiff bears the burden of proving that a statement was made with malice once defendant establishes that the statement was privileged).

To the extent appellants contend their affidavit, submitted with their motion for reconsideration, demonstrated that the published statement was malicious, the district court properly declined to consider this evidence because it was not newly discovered or unavailable at the time of summary judgment. *See ACandS, Inc.,* 5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.' ").

The district court properly rejected appellants' negligence claim where the underlying facts gave rise to a defamation claim defeated by privilege under Cal. Civil Code § 47(c). *See Felton v. Schaeffer,* 229 Cal.App.3d 229, 239, 279 Cal.Rptr. 713 (1991) ("If plaintiffs . . . were permitted to sue in negligence . . . [they] would seek to evade the strictures of libel law and avoid the applicable defenses by framing all libel actions as negligence causes of action, merely by pleading the defendant was negligent").

Appellees' February 6, 2006 "Motion to Strike Portions of Excerpts of Record and Defective Brief" is denied.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Appellants' March 14, 2006 motion to file untimely reply brief is granted. The Clerk shall file the reply brief.

**AFFIRMED.**